

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,108-01

### EX PARTE FARHAN THARA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-45380-P (A) IN THE 203RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted possession of a controlled substance and sentenced to 45 days in the county jail.

Applicant contends that his no contest plea was involuntary. He argues that trial counsel failed to properly admonish him on possible negative immigration consequences resulting from the plea. *Padilla v. Kentucky*, 559 U.S. 356 (2010). It is not clear whether the offense of conviction was a felony or a misdemeanor.

After an encounter with police, Applicant was found to have a substance that was alleged to be cocaine with an estimated weight of 1.1 grams. He was charged with possessing more than one but less than four grams of cocaine, which is a third-degree felony. TEX. CONTROLLED SUBSTANCES ACT § 481.115(c). According to the written plea agreement, Applicant was admonished that he was charged with "PCS 1G Attempt" and that the offense was a third-degree felony. Writ at 64. But attempted possession of one gram or more but less than four grams of cocaine would be a state-jail felony, and attempted possession of less than one gram of cocaine would be a class A misdemeanor. TEX. CONTROLLED SUBSTANCES ACT § 481.115; TEX. PENAL CODE § 15.01(d). The trial court had granted the State's motion to reduce the offense to "Attempted PCS under 1 gram," Applicant judicially confessed that he "attempted to possess a controlled substance ... less than 1 gram...," and findings entered at the time of the plea indicate that the offense was "Attempt PCS under 1 gram." Trial counsel also states in an affidavit that the offense was reduced to a class A misdemeanor. The judgment indicates that the offense was "Attempted Poss CS" with a sentence of 45 days in the county jail. It appears the conviction was for a class A misdemeanor, but the judgment indicates that the offense was a third-degree felony.

The trial court shall resolve whether the offense was a misdemeanor or a felony. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, and if Applicant is not represented by habeas counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC.

art. 26.04.

The trial court shall make findings of fact and conclusions of law resolving whether the offense level for Applicant's offense of conviction was a misdemeanor or a felony. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 23, 2015
Do not publish